United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 12, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-60192

_____

SHAWNEE PARTNERS LLC,

> Plaintiff - Counter Defendant - Appellant - Cross-Appellee,

versus

CITY OF GULFPORT, MISSISSIPPI,

> Defendant - Counter Claimant, Appellee - Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Mississippi
No. 1: 00-CV-280-RG

_____

Before EMILIO M. GARZA and DeMOSS, Circuit Judges, and DUVAL[*], District Judge.

PER CURIAM:[**]

In this dispute concerning restrictions placed on land ("Jones Park") deeded to the City of

Gulfport, Mississippi ("the City") by Grace Jones Stewart, to be held in trust, Shawnee Partners LLC

("Shawnee"), a corporation consisting of Stewart's heirs, appeals the district court's grant of

_____

[*]  District Judge of the Eastern District of Louisiana, sitting by designation.

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment in favor of the City. Shawnee argues that 1) the district court erred in finding that the extension of U.S. Highway 49 on or across Jones Park was not a violation for which the Jones/Stewart heirs are entitled to relief; 2) the City violated the Stewart conveyance by permitting commercial enterprises on the property, and the Jones/Stewart heirs were not precluded from raising this issue under the doctrine of laches and/or waiver and estoppel; and 3) the district court committed reversible error in allowing the City to use affidavits and other materials in support of its motion for summary judgment which were not disclosed until after the discovery period had concluded.

In its cross-appeal, the City argues that the district court committed reversible error by not finally deciding the question of whether § 15-1-7 and/or § 15-1-13 of the Mississippi Code bar Shawnee's claims of specific violations of the restriction against conducting business or commercial enterprise in Jones Park. The City also argues that the district court erred by failing to cancel Shawnee's claims based on the clause prohibiting commercial enterprise as clouds on the City's title, and by failing to deem the City to be vested with full and complete title adverse to said claims by virtue of § 15-1-13 Mississippi Code.

We have read the briefs, heard the arguments of counsel, and consulted the pertinent portions of the record. On the basis of the applicable law and the summary judgment record, we affirm the district court's judgment for essentially the same reasons as those given by the district court. AFFIRMED.